May it please the Court. Steve Sadie for Mr. Romero-Ochoa. This case involves the district court's refusal to rule on a pretrial motion regarding a defect in the charging document. Well, is it a defect if it challenges a sentencing enhancement versus an element? Does that make a difference? I think that that gets to a very important core, which is the difference between the and the Sixth Amendment right to notice of the nature of the charge. The nature of the charge involves the maximum sentence. Here, the base of the nature of the charge involves being an illegal alien back in the United States after a conviction, prior conviction for an aggravated felony. And you are challenging, I guess, the determination as to whether or not it is an aggravated felony, which is normally determined not by the jury, but by the judge at sentencing. That is not what we're saying. What we are saying is what crime is he facing? What offense is he facing? And there's two Supreme Court cases that support our position. The penalty is not an element of the offense. You know what the offense is by reason of the indictment. If you've got a not guilty verdict, you're never going to get to sentencing. We do not know what the nature of the offense is. And under the Sixth Amendment, from the time of the common law, the factor of whether it was by indictment or information, if it was a recidivist statute, that was part of the nature of the charge. And that's what both the Cheney case from the Supreme Court and Apprendi said from the Supreme Court. Before you get to the merits, though, I have a question about jurisdiction. Yes. Why do we even have jurisdiction here in this case? You don't seem to fall into any of the exceptions in the collateral rule or under mandamus. Why do we have jurisdiction here in this case? I believe you have jurisdiction under both those reasons. Well, if you don't have it under the collateral exception, then you would have it under mandamus, because this goes to the language of the Sixth Amendment itself. It says you have a right to the nature, advice regarding the nature of the accusation. Once you get to sentencing, it's no longer an accusation. It's a fact. But the nature of the accusation is illegal reentry after deportation and conviction of a felony. And what additional notice does the Constitution require beyond the elements of the crime? I would say that from both the Cheney case from the Supreme Court, where they said that the Virginia recidivist statute was part of the nature of the crime, as well as Apprendi, where at page 478, the Court repeatedly went to the common law notice that in order to get the facts in the charging document, and it could be either information or indictment here, it was by indictment, have to be properly before so that the It's there, Mr. Sadie. The grand jury charged your client with illegal reentry after prior conviction for an aggravated felony. That's the notice. What more does the Constitution require? It requires fair notice, because here, the face of the indictment Tell me what's missing. a judicial determination whether the face of the indictment accurately charges a 20-year or a 10-year maximum penalty. You have two chances to challenge that. You're going to have a chance in front of the jury, which may very well agree with you and acquit, or if the jury convicts, you're going to have a chance at sentencing to convince the court that it's not an aggravated felony, and then you can take an appeal. Why should we grant a writ of mandamus now and make a determination, as Judge Beezer pointed out, that may be unnecessary if your client is acquitted? This goes straight to Judge Smith's question, which is, why does it matter now? Because we cannot make informed decisions about whether to go to trial, whether to plea negotiate, what the value and risks are, unless you have notice of what you are facing. That is But you know what your risk is. Your risk is a potential maximum punishment of 20 years if your client is convicted of an aggravated felony. What you want is essentially a judicial determination that the jury is supposed to make of whether or not your client is guilty. No. What we're asking for is 12B3 says that we get to have an examination pretrial of defects in the indictment. If the face of the indictment, nothing further, if the face of the indictment correctly only shows a felony, not an aggravated felony, as Lopez, the Supreme Court case that just came down, says, he has a right to know that. He has a right to know that before making a decision whether to go to trial, before engaging in plea negotiations. That's what the Sixth Amendment right to notice is about, and that's what we are disregarding when we look at it as, oh, this is a sentencing enhancement. We're assuming that it only comes into issue at a determination of guilt, and that's not what the Sixth Amendment says. If you go back to the common law, if you look at what the words of the Sixth Amendment say, it has to do with what happens before the trial. Did you have any case law at any federal appellate court or the Supreme Court that would give us jurisdiction under the All Writs Act, which is what the Mandamus statute is, to decide the issue that you presented to us? I could find no such case. Give me any illustration. Yes. I think that the one we cited, the Ye Faye case with the five factors, and I think the Court has recently in two other cases granted Mandamus, but the facts of that case have nothing whatsoever to do with this one, do they? And this Court, I think since that case, has relied on it in 1326 context. In the Garcia-Aguilar, this Court just granted Mandamus against the Southern District of California on this type of thing. It has to do with whether we're proceeding fairly in these 1326 cases, and we're not. It's not fair to tell somebody to go to trial and make trial decisions when the face of the indictment is contradicted by the Supreme Court and the judge won't rule. We're not saying he has to. Mr. Sadie, how is this different from a marijuana trafficking conspiracy where there is a dispute with regard to the quantity of marijuana? The defendant is worried that if the jury finds more than a certain amount, the punishment will be greater than if it is less than a certain amount. Why wouldn't your argument apply? It has nothing to do with our case because there, the grand jury is charged, or even if they did it by information, they've said that the quantity is greater than 500 pounds. You're not prepared to go back and plead guilty, are you? Excuse me? You're not prepared to go back and plead guilty regardless of how this comes out. I want to know what the, I have to know what the, in order for, to make a voluntary knowing and intelligent decision about whether to go to trial, whether to plead guilty, or whether to engage in plea negotiations, I need to know the answer to this. Why wouldn't that same argument apply to an enhancement for being an organizer, supervisor, or leader, or whether or not you're going to get acceptance of responsibility? It does not increase the statutory maximum. That's the answer to an adjustment question. And to go back to your question about the marijuana, if they have charged that, then it's a question of proof of trial. What I'm only challenging is the face of the indictment. I've, a defect in the indictment that says that possession, simple possession is an ag felony. That's what they say in the indictment. The Supreme Court has just told us simple Why shouldn't we have a judicial determination on that question before he makes these critical questions about whether to go to trial, whether to engage in plea negotiations, whether to plead without a agreement? When the Supreme Court decided United States v. Ruiz, which was the case involving the defense claim that you were entitled to all of the discovery and the janks materials before you could intelligently enter a plea, the Supreme Court rejected that challenge. Why shouldn't we follow the same reasoning that if you don't need to see the government's entire evidence before the defendant decides whether or not to plead guilty, then there is no constitutional right here to a pretrial determination? The same reason that the marijuana case is totally different. It has to do with the sufficiency of the case, pleading the case, what could be proved at trial. We are only looking at the face of the document. There's a 12b3 says if there's a defect in the face of the document, we should have that reviewed before trial. There's a constitutional underpinning to that. If there's a defect in the indictment, you want a determination as to whether or not your client is guilty of the aggravated felony that's charged in the indictment. Not at all. I'm saying that the notice is defective because the notice says that a possession conviction is an aggravated felony. The Supreme Court says that's not true. If he should not have to be engaged in the decision to go to trial or any of the trial decisions, the whole purpose of the Sixth Amendment in this court's case in gout is to be able to prepare a defense, to be able to make knowing and intelligent decisions. The statutory maximum, we shouldn't know that before trial. If there's a defect, it's on the face of the indictment, not about whether they can prove the case. It's on the face of the indictment. Do you want to save some time? Yes, thank you. Ms. Zussman, what do you have to say to all this? Good morning. May it please the Court, Kelly Zussman appearing on behalf of the United States. I think the analogy that the Court may have been struggling to find here is to the Armed Career Criminal Act. Defendants routinely enter pleas of guilty not knowing whether or not their statutory maximum penalty is going to be 10 years or life. And they routinely dispute whether or not their prior convictions are or are not aggravated felonies. The district court here applied Almendarez-Torres. The only ruling that he did that is now on an interlocutory appeal before this Court is to say, I'm going to decide that at sentencing. And that's what Almendarez-Torres says that he is supposed to do. Now, in response to Judge Smith's questions, no, I don't think you have jurisdiction. I don't think the Supreme Court could have made it any clearer the narrow Cohen exception. And, in fact, most recently, this Court, Judge Tolman, you were on the panel in the Englert decision, which involved, it was a civil case, the Oregon anti-slap statute. But in that decision, you recently recapped a number of recent Supreme Court decisions, most of them authored by Justice Souter, unanimous decisions in which the Court held that Cohen is extremely narrow. They don't want it expanded. They do not want piecemeal litigation. And they particularly don't want piecemeal litigation in criminal cases, because it takes a lot of time, even on an expedited calendar. Mr. Romero-Ochoa is sitting in jail right now, and he may well have served today a longer sentence than he would have had he accepted the government's plea offer in this case. That's the impact of delay, and that's why none of this should be reviewed until Judge Mossman, properly at the time of sentencing, decides whether or not the allegations in our indictment establish an aggravated felony subject to a 20-year maximum. On the issue of the Sixth Amendment notice, I think the answer to this really lies within a And it was in the Euler case that the Supreme Court said that a defendant is not constitutionally entitled to notice that the State is going to be relying upon a recidivist enhancement. But the State should give notice of their intent to do so in some form. And so that under Euler, what's required under the Sixth Amendment is that the defendant know what the government's position is. It does not stand for the proposition that he has to be told by the court, ultimately, what that penalty is going to be. And as I said at the beginning, this is the same that holds true in every Armed Career Criminal Act case. Unless the Court has any questions, I'll submit. All right. Mr. Sadie, you get the last word. I don't believe that's an accurate characterization of the Armed Career Criminal Act. I believe that in order to have a knowing, intelligent plea beforehand, if that's the case, that the notice has to be given before that point and at trial. It would have to be the same, wouldn't it? That the court would have to rule on the status of predicate offenses that are alleged to be qualifying felonies? Absolutely not. Why not? Because this is only a matter of the face. If, for example, we had an ACC case where they said, this tax violation is a violent felony, you should be able to move beforehand and say, that's a defect in the indictment because it's not categorically a violent felony because it's a tax offense. The argument would be the same. And you should. But it's just how... You're asking us basically to carve out a new exception either to the Cohen Doctrine or to the Supreme Court cases, as Ms. Zussman reminds us, where the Supreme Court has repeatedly told us this is a very narrow exception. And they keep narrowing it further. You want us to broaden. No, not at all. This is only – this is not – we're asking for a ruling by the court, not saying that you have to interlocutory appeal every time, but we ought to at least have a district court ruling on the issue. That's also why mandamus is appropriate. The court is not carrying out its function under 12b-3 if they are ignoring the requirement that a defect be addressed by the court. But Mr. Sadie, the logic of your suggestion is exactly as Judge Tallman said. Is it not virtually every ACC case could be appealed on an interlocutory basis under the logic that you are promulgating? Not at all. Because it would only be when they were not ruling on it and if it appeared strictly from the face of the indictment. Those are two extraordinarily narrow qualifications. So it does not open any floodgates. This is the extraordinary situation where we're not getting a pretrial ruling on the face of the indictment. I'll tell you, if the district court – even if the district court did rule and made an adverse determination, wouldn't you want to bring an interlocutory appeal to challenge that? Because there has been no final decision at that point as to whether or not the defendant really is guilty of an aggravated crime. We have notice. We have the ruling. And we can proceed and make all the tactical decisions knowing that the – Between notice and getting a ruling from the court. And what you want is an earlier ruling that you can then challenge again after the sentencing. And I don't see from a judicial resources standpoint why we ought to be doing this twice when you can go through the trial and sentencing. If you disagree with the court's invocation of the aggravated felony, you can challenge it on appeal. And if we agree, we reverse and we remand for a lesser sentence. The two things, one is that it's unfair because it does – it gives unfair power to the government as far as negotiation is concerned to charge things that on their face are invalid. And the second thing is – But there is a risk in the negotiation. And uncertainty doesn't mean that the negotiation is constitutionally invalid. Unless – unless the Sixth Amendment right to notice means something. I believe it does. And a rule – contrary ruling is saying that basically the Sixth Amendment right to notice of the nature of an accusation is a dead letter. And I think that that's a fairly important thing to take a look at before a decision in this case. Thank you, Mr. Sadie. The case just argued is submitted. And we'll take a look at it with your comments in mind and get you a decision. The next case is
judges: Beezer, Tallman, Smith